# Exhibit 1

This Settlement Agreement, dated as of the Effective Date, is made and entered into by and among the following **Settling Parties** (defined below): (i) Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl ("**Class Representatives**"), individually and on behalf of the **Settlement Class** (defined below), by and through their counsel of record, Terence R. Coates of Markovits, Stock & DeMarco, LLC ("**Proposed Class Counsel**") on the one hand; and (ii) Bay Bridge Administrators, LLC, by and through its counsel of record, Timothy A. Butler and Christopher S. Dodrill of Greenberg Traurig, LLP ("**Defendant's Counsel**") on the other hand. This Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the **Litigation** (defined below) and **Released Claims** (defined below), upon and subject to the terms and conditions herein.

<div align="center">

**RECITALS**

</div>

WHEREAS, Bay Bridge is a third-party administrator of fully insured employee-benefit plans;

WHEREAS, in September 2022, Bay Bridge became aware of a **Security Incident** (defined below) carried out by a malicious third-party who accessed files on Bay Bridge's computer network;

WHEREAS, after investigating, Bay Bridge determined that the Security Incident may have compromised certain **Personal Information** (defined below) belonging to employees of Bay Bridge customers stored on Bay Bridge's network;

WHEREAS, upon becoming aware of the Security Incident, Bay Bridge acted to contain the Security Incident;

WHEREAS, Bay Bridge sent notice of the Security Incident in December 2022 to those individuals whose information may have been compromised in the Security Incident, offered complimentary identity theft and credit monitoring services, and provided resources for additional information;

WHEREAS, in January 2023, the civil actions of *Kurt Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-cv-22; *Michael Manson v. Bay Bridge Administrators, LLC*, No. 1:23-cv-30; *Thomas Graham v. Bay Bridge Administrators, LLC*, No. 1:23-cv-85; and *Austin Kohl v. Bay Bridge Administrators*, No. 1:23-cv-100 (collectively, the "**Civil Actions**"), were filed in the United States District Court for the Western District of Texas, asserting claims individually and on behalf of a putative nationwide class over the Security Incident;

WHEREAS, on February 21, 2023, the United States District Court for the Western District of Texas consolidated the Civil Actions under a single civil action number, No. 1:23-cv-22;

WHEREAS, Bay Bridge disputes the claims and allegations in the Civil Actions filed against it, any and all liability or wrongdoing of any kind to the Class Representative, the Settlement Class, and any other individuals or putative class members described in the pleadings, and further denies any violation of law whatsoever;

WHEREAS, the Settling Parties have concluded that further litigation would be protracted and expensive, have considered the uncertainty and risks inherent in litigation, and have determined that it is desirable to effectuate a full and final settlement of the claims asserted in the above-referenced actions on the terms set forth below to avoid the associated burdens, risks, and extensive costs;

WHEREAS, on November 28, 2023, the Settling Parties engaged in an arm's-length, in-person, full-day mediation session at Judicate West in Santa Ana, California under the direction of Jill R. Sperber, Esq. – a respected mediator with substantial experience with data privacy class actions – and reached an agreement in principle to resolve the Litigation as outlined herein;

WHEREAS, Bay Bridge provided Proposed Class Counsel with specific requested factual information related to class size, liability, and security enhancements that provided a sound foundation for the negotiations in the mediation;

WHEREAS, Bay Bridge denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Bay Bridge with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that Bay Bridge has asserted or would assert, or the requirements of Federal Rule of Civil Procedure 23 and whether the Class Representatives satisfy those requirements;

WHEREAS, based upon their substantial investigation and informal exchange of discovery as set forth above, and Counsel's substantial experience in data breach cases, Proposed Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to **Settlement Class Members** (defined below) and are in their best interests, and has agreed to settle the claims that were asserted or could have been asserted in the Litigation arising out of or relating to the Security Incident pursuant to the terms and provisions of this Agreement after considering (a) the substantial benefits that Settlement Class Members will receive from the Settlement, (b) the uncertain outcome and attendant risks of litigation, (c) the delays inherent in litigation, and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of this Agreement;

WHEREAS, pursuant to these terms, which are set forth fully below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, in the Civil Actions against Bay Bridge and the **Released Persons** (defined below) arising out of or relating to the Security Incident, by and on behalf of the Class Representatives and **Settlement Class Members** (defined below), and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States against Bay Bridge relating to the Security Incident (collectively, the "**Litigation**");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Class Representatives, individually and on behalf of the Settlement Class, Class Counsel, and Bay Bridge that, subject to the Court's approval, when Judgment becomes Final as defined herein, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class,

and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, and subject to the terms and conditions of this Settlement Agreement.

## I.    DEFINITIONS

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "**Agreement**" or "**Settlement Agreement**" means this agreement.

1.2    "**Approved Claims**" means Settlement Claims in an amount approved by the Settlement Administrator or found to be valid through the Dispute Resolution process, as set forth in this Agreement.

1.3    "**Attorneys' Fees and Expenses**" means the attorneys' fees, costs, and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Litigation.

1.4    "**Bay Bridge**" means Bay Bridge Administrators, LLC.

1.5    "**CAFA Notice**" means the notice required by 28 U.S.C. § 1715.

1.6    "**Class Counsel**" or "**Proposed Class Counsel**" means Terence R. Coates of Markovits, Stock & DeMarco, LLC.

1.7    "**Claims Deadline**" is defined in ¶ 3.1, which shall be ninety (90) days after the Notice Date (defined below). The Claims Deadline shall be clearly identified in the **Preliminary Approval Order** (defined below), as well as in the **Notice** (defined below) and **Claim Form** (defined below).

1.8    "**Claim Form**" means the form that will be available for Settlement Class Members to submit a **Settlement Claim** (defined below) to the **Settlement Administrator** (defined below) and that is substantially in the form of **Exhibit A**. Settlement Class Members must submit a Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

1.9    "**Class Representatives**" or "**Plaintiffs**" means Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl.

1.10    "**Costs of Settlement Administration**" means all actual costs associated with or arising from Settlement Administration, except for the provision of CAFA Notice.

1.11    "**Court**" means the United States District Court for the Western District of Texas, Senior United States District Judge David A. Ezra presiding.

1.12    "**Effective Date**" shall mean the date when the Settlement Agreement becomes final, which is thirty-one (31) days after the Court's grant of final approval, assuming no appeals

are filed. If any appeal is filed, the Effective Date will be thirty-one (31) days from when the appeal is decided and a **Judgment** (defined below) has been entered in this case.

    1.13    "**Escrow Agent**" means Western Alliance Bank.

    1.14    "**Fee Application**" means any motion for a Fee Award and Costs.

    1.15    "**Fee Award and Costs**" means the payment of attorneys' fees, costs, and expenses award by the Court to Class Counsel, to be paid from the Qualified Settlement Fund.

    1.16    "**Final**" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement receives final approval by the Court; (ii) the Court has entered a **Judgment** (defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

    1.17    "**Final Approval Hearing**" mean the hearing at which the Court will determine whether to finally approve the proposed Settlement, including determining whether the settlement benefits, attorneys' fees and expenses, Class Representative Service Awards, and Settlement Administration Costs are fair, reasonable, and adequate.

    1.18    "**Judgment**" means a final judgment rendered by the Court under Federal Rule of Civil Procedure 54(b).

    1.19    "**Long Notice**" means the long form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form of **Exhibit B**.

    1.20    "**Non-Profit Residual Recipient**" means a non-profit organization(s) approved by the Court following distribution of Settlement Payments.

    1.21    "**Notice Date**" is the data that Notice will be issued to Settlement Class Members, which will occur 30 days after the entry of the Preliminary Approval Order.

    1.22    "**Notice**" shall be the Short Form Notice that the Settlement Administrator will send to the Settlement Class informing Class Members about the Settlement, including their ability to participate in the Settlement, opt-out of the Settlement or object to the Settlement.

    1.23    "**Notice Plan**" consists of the Short Notice that will be mailed to Class Members via Regular U.S. Mail, the Long Notice that will be posted on the Settlement Website, and the Settlement Website that will include important case information and important case documents.

    1.24    "**Objection Date**" means the date by which Settlement Class Members must file with the Court any objections to the Settlement. The Objection Date shall be sixty (60) days after the Notice Date.

**SETTLEMENT AGREEMENT – Page 4**

1.25    "**Opt-Out Date**" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Data shall be sixty (60) days after the Notice Date.

1.26    "**Out-of-Pocket Losses**" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually and reasonably incurred that are fairly traceable to the Security Incident, and that have not already been reimbursed by a third party.

1.27    "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.28    "**Personal Information**" means any information connected to a Settlement Class Member that, when used alone or with other information, can be used to uncover that individual's identity. It includes, but is not limited to, names, social security numbers, dates of birth, addresses, driver's license or state identification card numbers, and protected health information.

1.29    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached to this Agreement as **Exhibit C**.

1.30    "**Proposed Additional Class Counsel**" or "**Additional Class Counsel**" or "**Plaintiffs' Counsel**" means Justin C. Walker, Markovits Stock & DeMarco, LLC; Joe Kendall, Kendall Law Group; Philip J. Krzeski, Chestnut & Cambronne PA; Joseph M. Lyon, The Lyon Firm; and Gary Mason, Mason LLP.

1.31    "**Qualified Settlement Fund**" means the common settlement fund established by the Settlement Administrator or Class Counsel pursuant to 26 C.F.R. § 1.468B-1 at Western Alliance Bank, in which Bay Bridge will deposit $2,516,890 in settlement funds and from which all monetary compensation to the Settlement Class and certain other expenses shall be paid, except for CAFA Notice, which Bay Bridge will pay for outside of the Qualified Settlement Fund.

1.32    "**Related Entities**" means Bay Bridge's past or present parents, subsidiaries, affiliates, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Bay Bridge's and these entities' respective predecessors, successors, directors, managers, officers, employees, members, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

1.33    "**Released Claims**" shall collectively mean any and all claims and causes of action, both known and unknown (including **Unknown Claims** (defined below)), including, without limitation, any causes of action under California Civil Code § 1798.150 or § 17200 *et seq.* and all similar statutes in effect in any states in the United States as defined herein; negligence; negligence

per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent, or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; breach of any consumer protection statute; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the **Released Persons** (defined below) based on, relating to, concerning or arising out of the Security Incident and alleged theft of Personal Information before the Effective Date or the allegations, facts, or circumstances described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.34    "**Released Persons**" means Bay Bridge and its Related Entities.

1.35    "**Residual Funds**" means any funds that remain in the Qualified Settlement Fund after settlement payments have been distributed and the time for cashing and/or redeeming Settlement Payments has expired. The Residual Funds will be sent to one or more Non-Profit Residual Recipient.

1.36    "**Security Incident**" or "**Incident**" means the access by unauthorized actors to Bay Bridge's computer network in or around September 2022, as further described in the Recitals, and any and all facts, actions and circumstances related thereto, whether occurring or arising before, on or after the date of this Agreement.

1.37    "**Service Awards**" means the payments to each of the Class Representatives in the amount of $3,000 ($12,000 total) for their service to the Class, subject to Court approval. Any Service Awards will be in addition to any other Settlement Payments the Class Representatives may receive and will be paid from the Qualified Settlement Fund.

1.38    "**Settlement Administration**" means the processing and payment of claims received from Settlement Class Members, issuing Notice, distributing the Qualified Settlement Fund, and administering the Settlement.

1.39    "**Settlement Administrator**" means the notice and settlement administrator, KCC Class Action Services LLC, with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Settling Parties and approved by the Court.  The Settlement Administrator shall use Digital Disbursements, a wholly owned subsidiary of Western Alliance Bank, to pay Settlement Class Members who select a digital payment option.

1.40    "**Settlement Claim**" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.41    "**Settlement Class**" means: All United States residents whose Personal Information was accessed during the Security Incident that is the subject of the Notice of Data Breach that Defendant published on or around September 5, 2022. The Settlement Class consists of approximately 251,689 individuals.

1.42    "**Settlement Class Member**" means any Person who falls within the definition of the Settlement Class.

1.43    "**Settlement Payment**" means the payment to be made to a Settlement Class Member, which will be submitted to Class Members submitting valid Settlement Claims via paper checks or electronic payment.

1.44    "**Settlement Website**" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, a downloadable version of a customary form of the Short Notice, a customary form of the Long Notice, a customary version of the Claim Form, which together shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement, instructions for how to object or opt-out of the settlement, the process and instructions for making claims, and the date, time and place of the Final Approval Hearing; this Agreement; Plaintiffs' motion for preliminary approval of the Settlement; the Preliminary Approval Order; and the Fee Application. The Settlement Website shall also include a toll-free telephone number, email address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least 60 days after all Settlement Payments have been distributed.

1.45    "**Settling Parties**" means, collectively, Bay Bridge and Class Representatives, individually and on behalf of the Settlement Class.

1.46    "**Short Notice**" means the short-form notice of this proposed class action Settlement, substantially in the form as shown in **Exhibit D** to this Settlement Agreement. The Short Notice will direct recipients to the Settlement Website where recipients may view the Long Notice and make a claim for monetary relief. The Short Notice will also inform Settlement Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Approval Hearing.

1.47    "**Taxes and Tax-Related Expenses**" means: (i) any and all applicable taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Qualified Settlement Fund, including, without limitation, any taxes that may be imposed upon Bay Bridge or its counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Qualified Settlement Fund account; (ii) any other taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Qualified Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses,

liabilities and costs incurred in connection with the taxation of the Qualified Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

1.48   "**Unknown Claims**" means any of the Released Claims that any Settlement Class Member, including any of the Class Representatives, does not know or suspect to exist in his or her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or participate in this Settlement Agreement. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that upon the date the Judgment becomes Final, the Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Settlement Class Members, including the Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, including Unknown Claims, but the Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the date the Judgment becomes Final, fully, and finally and forever settled and released any and all Released Claims, including Unknown Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

## II.   THE QUALIFIED SETTLEMENT FUND

2.1   The Settlement Administrator shall establish an interest-bearing escrow account to serve as the Qualified Settlement Fund, at Western Alliance Bank, which shall be maintained pursuant to Treasury Regulation § 1.468B-1, *et seq.*

2.2.   No later than 35 days after the Court grants the Motion for Preliminary Approval of this Settlement, Bay Bridge will deposit $500,000 into the Qualified Settlement Fund. Within 7 days of the Effective Date, Bay Bridge will fund the remaining $2,016,890 into the Qualified Settlement Fund.

2.3   As further described in this Agreement, the Qualified Settlement Fund shall be the sole source of monetary funds for all relief referenced below and shall be used by the Settlement Administrator to pay for:

(a) Taxes and Tax-Related Expenses;

(b) Monetary compensation;

(c) Credit Services;

(d) Notice and Administrative Expenses, except for CAFA Notice which Bay Bridge shall pay for outside of the Qualified Settlement Fund;

(e) Attorneys' Fees, Costs, and Expenses; and Service Awards to the Class Representatives; and

(f) Any other remuneration called for by this Agreement, other than Bay Bridge's expenses and attorneys' fees, costs, and expenses related to the Litigation.

2.4    No amounts may be withdrawn from the Qualified Settlement Fund unless: (i) expressly authorized by this Agreement; or (ii) approved by the Court, except that up to the agreed upon amount in writing may be used to provide notice to Settlement Class Members under the notice plan approved by the Court and to pay for approved administrative expenses. In no event will any amount deposited in the Qualified Settlement Fund revert, be refunded, or otherwise be credited to Bay Bridge. The Settlement Administrator shall be frugal and prudent in incurring notice and administrative expenses.

2.5    The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Qualified Settlement Fund to Settlement Class Members pursuant to this Agreement.

2.6    The Settlement and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Qualified Settlement Fund and amounts paid under the Settlement.

2.7    All funds held in the Qualified Settlement Fund shall be deemed to be in the custody of the Court upon the deposit of those funds until such time as the funds shall be distributed to Settlement Class Members or used as otherwise disbursed pursuant to this Agreement and/or further order of the Court.

2.8    The Settling Parties agree that the Qualified Settlement Fund is intended to be maintained within the meaning of Treasury Regulation § 1.468B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Qualified Settlement Fund and paying from the Qualified Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Settling Parties agree that the Qualified Settlement Fund shall be treated as an escrow account from the earliest date possible, and they agree to any relation-back election required to treat the Qualified Settlement Fund as an escrow account from the earliest date possible.

2.9    All Taxes and Tax-Related Expenses shall be paid out of the Qualified Settlement Fund and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Administrator shall indemnify and hold harmless the Settling Parties and

their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments).

2.10    The Settling Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Representative Plaintiff or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Qualified Settlement Fund.

2.11    Each Representative Plaintiff and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Qualified Settlement Fund pursuant to this Agreement.

2.12    Bay Bridge and its counsel shall have no responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Qualified Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Qualified Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses incurred in connection with the taxation of the Qualified Settlement Fund or the filing of any returns. Bay Bridge also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the settlement.

2.13    The Class Representatives and Class Counsel, and their respective firms, shall not have any liability whatsoever with respect to any acts taken pursuant to the terms of this Agreement, including, but not limited to: (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Qualified Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Qualified Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Qualified Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses incurred in connection with the taxation of the Qualified Settlement Fund or the filing of any returns.

## III.    SETTLEMENT BENEFITS

3.1    **Pro Rata Cash Payment**. All Settlement Class Members who submit a valid claim using the Claim Form to this Settlement Agreement, may request a pro rata cash payment estimated to be $50.00 (the "Cash Payment") by submitting a Claim Form to the Settlement Administrator no later than 90 days after the Notice Date, or other deadline approved by the Court (the "Claims Deadline"). The Cash Payment will be calculated in accordance with ¶ 3.3 below. The Cash Payment amount per valid claim will be determined by the amount remaining in the Qualified Settlement Fund after deductions for Service Awards, Costs of Settlement Administration, and Fee Award and Costs.

3.2    **Out-of-Pocket Loss Claims**. In addition to the Pro Rata Cash Payment, Settlement Class Members may submit Claim Forms selecting the Out-of-Pocket Loss Option. Claims will be subject to review for completeness and plausibility by the Settlement Administrator.

(a)    Compensation for unreimbursed losses upon submission of a valid and timely Claim and supporting documentation, for Out-of-Pocket Losses more likely than not resulting from the Security Incident, up to a maximum amount of $5,000.

(b)    The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met to award payments for Out-of-Pocket Losses.

3.3    The Qualified Settlement Fund shall be used to pay, in the following order: (i) all Costs of Settlement Administration; (ii) Fee Award and Costs; (iii) Service Awards; (iv) approved Out-of-Pocket Loss Claims; and (v) approved Pro Rata Cash Payments. The value of Cash Option claims will be calculated by subtracting from the Qualified Settlement Fund the deductions listed as (i)-(iv) in the preceding sentence ("Remaining Fund"). The Remaining Fund will be divided by the number of valid claims submitted and the Cash Payment will be paid.

3.4    The Settlement Administrator shall verify that each Person who submits a Claim Form is a Settlement Class Member. No Settlement Class Member may have more than one valid Claim Form. Ambiguities or deficiencies on the face of the Claim Form shall be resolved by the Settlement Administrator.

3.5    The Qualified Settlement Fund shall be the sole source of monetary funds for the relief set forth herein.

3.6    For any payments returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the payment within 30 days after the payment is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an email and/or place a telephone call to that Settlement Class Member to obtain updated address information. Only one replacement payment may be issued per Settlement Class Member.

3.7    If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue payment to the Settlement Class Member's estate upon receiving proof that the Settlement Class Member is deceased and after consultation with Class Counsel.

3.8    **Residual Funds**. If any monies remain in the Qualified Settlement Fund more than one hundred twenty (120) days after the distribution of Settlement Payments, a subsequent payment will be distributed to a Non-Profit Residual Recipient subject to court approval.

3.9    **Business Practices Changes**. Bay Bridge agrees to provide written confirmation to Class Counsel of business practices changes taken after the Security Incident to protect the data security of the Class Representatives and the Settlement Class. Costs associated with these

business practices changes shall be paid by Bay Bridge separate and apart from the Settlement Amount.

## IV.    CLAIM RESOLUTION

4.1     Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claimant is a Settlement Class Member, the Settlement Administrator shall request additional information ("Claim Supplementation") and give the claimant 30 days to cure the defect before rejecting the claim. If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

4.2     Following receipt of additional information requested as Claim Supplementation, the Settlement Administrator shall have 30 days to accept or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is valid, either in whole or in part, then the claim shall be paid, to the extent that the Settlement Administrator finds the claim to be valid. If the claim is not valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action, subject to the provisions of ¶ 4.1.

4.3     A Settlement Class Member shall have 30 days thereafter to appeal the Settlement Administrator's determination.

4.4     If there is any ambiguity with respect to a Settlement Class Member's election of monetary compensation or Credit Services and the Settlement Administrator cannot resolve the ambiguity, the ambiguous Claim Form shall default to providing a Cash Option payment under ¶ 3.4.

## V.    PRELIMINARY APPROVAL AND NOTICE OF FAIRNESS HEARING

5.1     Within 14 days after the execution of the Settlement Agreement, Class Counsel shall prepare a Motion for Preliminary Approval and provide it to Defendant's Counsel for review. No later than five business days after that, Class Counsel shall file a Motion for Preliminary Approval of Class Action Settlement, including the Settlement Agreement, with the Court requesting, among other things:

(a) certification of the Settlement Class for settlement purposes only;

(b) preliminary approval of the Settlement Agreement as set forth herein;

(c) appointment of Proposed Class Counsel;

(d) appointment of Plaintiffs as the Class Representatives;

(e) appointment of the Settlement Administrator;

(f) as soon as practicable, the Settlement Administrator shall establish the Settlement Website. The Parties shall meet and confer and choose a mutually acceptable URL for the Settlement Website; and

(g) approval of a Claim Form substantially similar to that attached hereto as **Exhibit A**.

The Short Notice, Long Notice, and Claim Form shall be reviewed by the Settlement Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval. The Parties agree, along with consultation with the Settlement Administrator, that the Notice Plan will provide adequate notice to the Class under the circumstances of this case.

5.2    The cost of notice to the Settlement Class in accordance with the Preliminary Approval Order, together with the Costs of Settlement Administration, shall be paid from the Qualified Settlement Fund. Attorneys' fees, costs, and expenses of Class Counsel shall also be paid from the Qualified Settlement Fund. Notice shall be provided to Settlement Class Members by a nationally recognized notice provider and in a manner that satisfies constitutional requirements and due process. The notice plan shall be subject to approval by the Court as meeting the requirements of Fed. R. Civ. P. 23 and constitutional due process requirements. The Settlement Administrator shall establish a dedicated Settlement Website and shall maintain and update the website throughout the claim period, with the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement. A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries (with the cost of any such help line and live operators to be paid from the Qualified Settlement Fund). The Settlement Administrator also will provide copies of the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement, upon request. Prior to the Final Fairness Hearing, Proposed Class Counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. The Short Notice, Long Notice, and Claim Form approved by the Court may be adjusted by the Settlement Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval. The Notice shall commence within 30 days of the entry of the Preliminary Approval Order and shall be substantially completed within 15 days of the Notice Date.

5.3    Class Counsel and Defendant's Counsel shall request the Court hold the Final Approval Hearing after Notice is completed and grant final approval of the Settlement set forth herein. The requested date for the Final Approval hearing shall be approximately six months from the date of preliminary approval.

## VI.    OPT-OUT PROCEDURES

6.1    Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated postal address established by the Settlement Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class, which intent shall be determined by the Settlement Administrator. Written notice must be postmarked by the Claims Deadline to be effective.

Settlement Class Members may only opt-out on behalf of themselves; mass or class opt-outs will not be valid.

6.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 6.1 above, referred to herein as "**Opt-Outs**," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 6.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

6.3     Commencing one week from the date Notice commences, the Settlement Administrator will notify Defendant's Counsel and Class Counsel regarding the number of potential Settlement Class Members that have elected to opt-out of the Settlement Class and will continue to provide weekly updates. No later than 10 days after the Claims Deadline, the Settlement Administrator shall provide a final report to Class Counsel and Defendant's Counsel that summarizes the number of written notifications of Opt-Outs received to date, and other pertinent information as requested by Class Counsel and Defendant's Counsel.

6.4     In the event that 750 potential Settlement Class Members have elected to Opt-Out of the Settlement Class, Bay Bridge may terminate this Settlement Agreement and any settlement terms or agreements then in effect subject to ¶ 12.2. In this event, Bay Bridge shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel.

## VII.     OBJECTION PROCEDURES

7.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (vi) a list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing ; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than 30 days before the Claims Deadline.

7.2     Except upon a showing of good cause, any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 7.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments

in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 7.1.

7.3    Submitting an objection notice under this Section shall constitute the objecting Settlement Class Member's consent to jurisdiction of the Court and to accept service of process, including subpoenas for testimony, at the email address provided in the objection notice.

7.4    A Settlement Class Member who files an objection waives the right to opt-out, and vice versa.

## VIII.    RELEASE

8.1    Upon the date the Judgment becomes Final, each Settlement Class Member, including Class Representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Persons. Further, upon the date the Judgment becomes Final, and to the fullest extent permitted by law, each Settlement Class Member, including Class Representatives, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

## IX.    PROPOSED CLASS COUNSEL'S ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1    The Settling Parties did not negotiate the payment of the Class Representatives Plaintiffs' attorneys' fees, costs, expenses. Class Counsel may make a Fee Application to the Court. Class Counsel will do so and advise the Class they will seek one-third of the Qualified Settlement Fund for fees and, additionally, a reasonable amount for out-of-pocket costs and expenses, as well as Class Representatives Service Awards of $3,000 for each.

9.2    Class Counsel will request that the Court approve up to one-third of the Qualified Settlement Fund for their attorneys' fees, reasonable costs and expenses of the Litigation. Class Counsel, in their sole discretion, shall allocate and distribute attorneys' fees, costs, and expenses awarded by the Court among Class Counsel. The amount of attorneys' fees, costs, and expenses to be awarded shall be a matter of complete discretion of the Court upon consideration of the complete factual record before the Court at the Final Fairness Hearing.

9.3    The Fee Award and Costs are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount of any attorneys' fees, costs, expenses shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## X.    ADMINISTRATION OF CLAIMS

10.1    The Settlement Administrator shall administer and calculate the claims submitted by Settlement Class Members. Class Counsel and Defendant's Counsel shall be given reports as to both claims and distribution periodically or as requested and have the right to review and obtain

supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. Any determination by the Settlement Administrator regarding the validity or invalidity of any such claims shall be binding, subject to the Claim Resolution process set forth in Section 4.

10.2    Settlement Class Members with approved claims shall be able to select from a variety of payment options, including Zelle, PayPal, Venmo, ACH, virtual pre-paid Mastercard and paper check.  Payments to Settlement Class Members and/or activation codes for Credit Services for approved claims shall be transmitted or mailed and postmarked within 60 days of the date the Judgment becomes Final.

10.3    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

10.4    No Person shall have any claim against Bay Bridge, Class Counsel, Defendant's Counsel, any of the Released Parties and the Class Representatives based on distributions of benefits to Settlement Class Members or any alleged failure by Bay Bridge to implement the Business Practices Changes in ¶ 3.9.

10.5    Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by Bay Bridge and the Settlement Administrator.

## XI.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

11.1    The Settlement Administrator shall perform the functions specified in this Agreement and its Exhibits, including, but not limited to:

(a) Providing notice of this Settlement, to the extent reasonably available, to Settlement Class Members;

(b) Obtaining information, to the extent reasonably available, to establish a reasonably practical procedure to verify Settlement Class Members;

(c) Effecting the notice plan as approved by the Court;

(e) Establishing and maintaining a Post Office box or other mailing address for mailed written notifications of Opt-Outs from the Settlement Class;

(f) Establishing and maintaining the settlement website that, among other things, allows Settlement Class Members to submit claims electronically;

(g) Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

(h) Responding to any mailed or emailed Settlement Class Member inquiries;

(i) Mailing paper copies of the Notice and/or Claim Forms to Settlement Class Members who request them;

(j) Processing all written notifications of Opt-Outs from the Settlement Class;

(k) Providing reports on Opt-Out notices received;

(l) In advance of the Final Approval Hearing, preparing affidavits to submit to the Court that: (i) attest to implementation of the notice plan in accordance with the Preliminary Approval Order; and (ii) identify each Settlement Class Member who timely and properly provided written notification of Opt-Out;

(m) Within 60 days after the date the Judgment becomes Final, provide activation instructions and/or payment via paper checks or digital payment, either electronically or by U.S. or International Mail, to Settlement Class Members who have submitted valid claims for: (i) Credit Services or (ii) monetary compensation as set forth herein;

(n) Providing weekly reports and a final report to Class Counsel and Defendant's Counsel that summarize the number and amount of claims and Opt-Outs since the prior reporting period, the total number and amount of claims and Opt-Outs received to date, the number and amount of any claims approved and denied since the prior reporting period, the total number and amount of claims approved and denied to date, and other pertinent information as requested by Class Counsel and Defendant's Counsel;

(o) Paying all Taxes and Tax-Related Expenses from the Qualified Settlement Fund;

(p) Performing any function related to settlement administration at the agreed upon instruction of both Class Counsel and Defendant's Counsel in a frugal and prudent manner, including, but not limited to, verifying that cash payments have been distributed;

(q) Determining the validity of, and processing all claims submitted by Settlement Class Members; and

(r) Overseeing administration of the Qualified Settlement Fund.

11.2    All expenses incurred by the Settlement Administrator shall be paid solely from the Qualified Settlement Fund.

## XII.    CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

12.1    In the event any of the following events, this Settlement Agreement shall be canceled and terminated subject to ¶ 12.2 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Settlement Agreement: (i) the Court declines to enter an Order of Preliminary Approval and Publishing of Notice of a Final Approval Hearing as set forth in ¶ 5.1;

(ii) a Party has exercised any option to terminate the Settlement Agreement provided by this Agreement or its Exhibits; or (iii) the Court declines to enter the Judgment granting final approval to the settlement as set forth herein.

12.2    In the event that (i) the Settlement Agreement is not approved by the Court and one or both parties decide not to revise the terms of the Settlement Agreement to address the Court's concerns and seek approval of a revised agreement, or (ii) the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, including ¶ 6.4, then (a) the Settling Parties shall be restored to their respective positions in the Litigation as if the Agreement had never been entered into, any remaining funds in the Qualified Settlement Fund shall immediately be returned to Bay Bridge within seven business days, and the Settling Parties shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of the Settlement Agreement.

12.3    The Settling Parties agree, for purposes of this settlement only, to the conditional certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved. Any agreements between the Parties or motions in support of certification of a settlement class and/or approval of the settlement filed with the Court shall be inadmissible in connection with any subsequent motion in support of or in opposition to class certification made in the Litigation.

12.4    Bay Bridge will cooperate to provide reasonable and adequate information to Class Counsel so that they can perform sufficient due diligence to be able to move for preliminary approval of this settlement and class certification in good faith.

## XIII.   MISCELLANEOUS PROVISIONS

13.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

13.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation and the Released Claims. The settlement compromises any and all claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

13.3    Neither this Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) may be cited or relied upon to support any private cause of action or claim in any court, administrative agency or other tribunal. Any of the Released Persons may file this Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.4    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

13.5    This Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This Settlement Agreement supersedes all previous agreements made by the Settling Parties, except that all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

13.6    Proposed Class Counsel, on behalf of the Settlement Class, are expressly authorized by Class Representatives to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

13.7    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

**SETTLEMENT AGREEMENT – Page 19**

13.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

13.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

13.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

13.11    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to choice of law principles.

13.12    All dollar amounts are in United States dollars.

13.14    Within 10 days of the filing of Plaintiffs' Motion for Preliminary Approval, Bay Bridge shall provide CAFA notice required by 28 U.S.C. § 1715(b).

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

**Proposed Class Counsel:**

Date: 1/16/2024

Terence R. Coates
Markovits, Stock & DeMarco, LLC

**Defendant's Counsel:**

Date: 1/16/2024

Christopher S. Dodrill
Greenberg Traurig, LLP

**SETTLEMENT AGREEMENT – Page 20**

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Notice Date | +30 days |
| Bay Bridge will deposit $500,000 into the Qualified Settlement Fund | +35 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Date | +90 days |
| Opt-Out Date | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +104 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | _____, 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Bay Bridge deposit the remaining $2,016,890 into the Qualified Settlement Fund | +38 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +60 days |
| Settlement Website Deactivation | +240 days |

# EXHIBIT A

## CLAIM FORM

***Phillips, et al. v. Bay Bridge Administrators, LLC***
**Case No. 1:23-cv-22**
**United States District Court, Western District of Texas**
SUBMIT BY ------------------------, 2024
ONLINE AT WWW.BAYBRIDGEDATASETTLEMENT.COM
OR MAIL TO:
KCC Class Action Services LLC
ADDRESS

## GENERAL CLAIM FORM INFORMATION

This Claim Form should be filled out online or submitted by mail if you received a notice of data security incident letter stating your personal information was potentially compromised through Bay Bridge Administrators, LLC's ("Bay Bridge") September 2022 Data Security Incident ("Settlement Class").

If you wish to submit a Claim by mail, please provide the information requested below. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked by **no later than Month Day, 2024.**

## Monetary Compensation

**Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

Yes                No

> \*\* The Parties estimate that payments under this option will be $50. However, the value of payments under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits, fees, expenses.

**Out-of-Pocket Losses (if any)**: I am submitting a claim for either ordinary or extraordinary monetary losses in the amount of $_____ on account of out-of-pocket expenses and/or extraordinary losses I incurred as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation and to support my claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. This can include receipts or other documentation that I have not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. If I do not have information supporting my claim for ordinary or extraordinary expenses, I likely will not receive compensation for this settlement benefit. **I understand that any monetary compensation I may receive under the settlement is capped at $5,000.00 for out-of-pocket expenses.**

Please provide copies of any receipts, bank statements, reports, or other documentation supporting your claim. This can include receipts or other documentation not "self-prepared" by you. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. You may mark out (also known as redact) any information that is not relevant to supporting your claim before sending in the documentation. The settlement administrator may contact you for additional information before processing your claim.

Description of the unreimbursed, out-of-pocket loss or expenses incurred, and the documents attached to support this claim:

_____

_____

_____

_____

_____

_____

_____

Please sign below indicating that you are submitting this Claim for Out-of-Pocket Losses and your representations of these losses are true and correct to the best of your knowledge and belief, and are being made under penalty of perjury.

Signature_____        Date_____

## __Claimant Information__

_____

Full Name of Class Member

_____

Unique Identifier
*(Can be found on the postcard or Email Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator.)*

_____

Street/P.O. Box     City  State  Zip Code

_____

Phone Number

_____

Email Address

_____

Signature

# EXHIBIT B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS**

*Phillips, et al. v. Bay Bridge Administrators, LLC,* **No. 1:23-cv-00022**
<u>A court has authorized this notice. This is not a solicitation from a lawyer.</u>

---

**If You Were Subject to the Bay Bridge Administrators, LLC Security Incident and Previously Received a Notice Letter Notifying You of the Data Security Incident,
You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $2,516,890 non-reversionary class action settlement (the "Qualified Settlement Fund").
- The class action lawsuit concerns a data security incident that occurred in September 2022 (the "Security Incident") involving Bay Bridge Administrators, LLC. ("Bay Bridge" or "Defendant") in which it was determined that an unauthorized third party may have gained access to certain Bay Bridge files containing sensitive personal information of employees of Bay Bridge customers stored on Bay Bridge's network, including names, dates of birth, Social Security Numbers, driver's license numbers or state identification numbers, medical information, and health information ("Personal Information"). Bay Bridge denies any wrongdoing and denies that it has any liability but has agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a claim, you must have received a Notice of Data Security Incident letter of the Bay Bridge Security Incident that occurred in September 2022.
- Eligible claimants under the Settlement Agreement will be eligible to receive one and/or two of the following Settlement benefits:

  - ❖ <u>**Out-of-Pocket Losses**</u>**: Reimbursement for the actual amount of unreimbursed out-of-pocket losses or expenses up to $5,000, with supporting documentation of the monetary losses or expenses;**

  - ❖ <u>**Pro Rata Cash Payment**</u>**: Estimated $50 cash payment from the Qualified Settlement Fund that will be increased or decreased pro rata depending on the amount remaining in the Qualified Settlement Fund after allocation of the Qualified Settlement Fund for reimbursement of documented Out-of-Pocket Losses, Service Awards, attorneys' fees and expenses, and Notice and Administrative Expenses.**

- For more information or to submit a claim visit **www.baybridgedatasettlement.com** or call 1-###-###-#### Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | **Summary of Legal Rights** | **Deadline(s)** |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before _____, 2024 |
| **Exclude Yourself By** | Receive no payment. This is the | Submitted or Postmarked on |

| | | |
|---|---|---|
| **Opting Out of the Class** | only option that allows you to keep your right to bring any other lawsuit against Defendant for the same claims if you are a Settlement Class Member. | or Before _____, 2024 |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write to the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2024 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2024 |
| **Do Nothing** | Receive no payment. Give up rights if you are a Settlement Class Member. | No Deadline. |

- Your rights and options as a Settlement Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to class members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

**Basic Information** ........................................................................................................ 2

**Who is in the Settlement** ............................................................................................. 3

**The Settlement Benefits—What You Get if You Qualify** ........................................ 4

**How do You Submit a Claim** ...................................................................................... 5

**What Does Defendant Get** ......................................................................................... 5

**Excluding Yourself from the Settlement** ................................................................. 5

**Objecting to the Settlement** ...................................................................................... 6

**The Lawyers Representing You** ................................................................................ 7

**The Court's Final Approval Hearing** ...................................................................... 7

**If You Do Nothing** ...................................................................................................... 8

**Getting More Information** ......................................................................................... 8

## BASIC INFORMATION

| | |
|---|---|
| 1. | **Why is there a notice?** |

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This

notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

United States District Court Judge David A. Ezra of the Western District of Texas is overseeing this case captioned as *Phillips, et al. v. Bay Bridge Administrators, LLC*, No. 1:1:23-cv-00022 (W.D. Tex.). The people who brought the lawsuit are called the Plaintiffs. The Plaintiffs are Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl. The entity being sued, Bay Bridge Administrators, LLC, is called the Defendant.

## 2.      What is this lawsuit about?

The lawsuit claims that Defendant was responsible for the Security Incident and asserts claims such as negligence, breach of implied contract, unjust enrichment, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, invasion of privacy, violation of the Washington Consumer Protection Act, and violation of the Arizona Consumer Fraud Act.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

## 3.      Why is this lawsuit a class action?

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

## 4.      Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Settlement Class ("Settlement Class Members"). The Class Representatives appointed to represent the Settlement Class and the attorneys for the Settlement Class ("Class Counsel," see Question 18) think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

## 5.      How do I know if I am part of the Settlement?

You are affected by the Settlement and potentially a member of the Settlement Class if you reside in the United States and your Personal Information was accessed or potentially accessed in connection with the Security Incident, including if you were mailed a notification by or on behalf of Bay Bridge regarding the Security Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are (1) the judge presiding over the class action lawsuit and the judge's direct family members; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers, directors, and employees; and (3) Settlement Class Members who

submit a valid request to be excluded from the Settlement.

**6.    What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions.  You may also write with questions to:

<div align="center">

Bay Bridge Administrators Settlement Administrator
address
address
**www. baybridgedatasettlement.com**

</div>

<div align="center">

**THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY**

</div>

**7.    What does the Settlement provide?**

The Settlement provides that Defendant will fund the following payments up to a total of $2,516,890: (a) up to $5,000 for reimbursement of your documented Out-of-Pocket Losses reasonably traceable to the Security Incident; and (b) an estimated pro rata $50 payment, subject to adjustment as set forth below.

The estimated $50 pro rata payment will be dispersed after the distribution of attorneys' fees, Class Counsel's litigation expenses, Notice and Administrative Expenses, and other Settlement benefits to claimants. The other Settlement benefits are also subject to pro rata reduction as needed in the event that the total claims exceed the $2,516,890 cap on payments to be made by Defendant, and payments may also be increased  on a pro rata basis until the Qualified Settlement Fund is distributed. Payment of (1) attorneys' fees, costs, and expenses (see Question 19) and (2) the costs of notifying the Settlement Class and administering the Settlement will also be paid out of the Qualified Settlement Fund.

Also, as part of the Settlement, Defendant either has undertaken or will undertake certain reasonable steps to further secure its systems and environments.

**8.    What payments are available for reimbursement under the Settlement?**

Settlement Class Members who submit a claim are eligible to receive one or both of the following:

a)    Reimbursement of actual, documented, unreimbursed Out-of-Pocket Losses resulting from the Security Incident (up to $5,000 in total), such as the following incurred on or after September 1, 2022:

- any costs incurred from credit monitoring services or ordering copies of your credit report;
- late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card cancellation or replacement fees;
- late fees from transactions with third parties that were delayed due to fraud or card replacement;
- unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;

- costs incurred obtaining credit freezes; and
- other expenses that are reasonably attributable to the Security Incident that were not reimbursed.

b) A potential *pro-rata* cash payment of the remainder funds, which is estimated to be $50 but may adjusted upward or downward pro rata based on how many other claims are made.

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **www.baybridgedatasettlement.com** or by calling 1-###-###-####. Claim Forms will also be sent to Settlement Class Members as part of the postcard notice and tear-off claim form that will be mailed to Settlement Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 10.   How will claims be decided?

The Settlement Administrator, KCC Class Action Services LLC, will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner then the Claim will be considered invalid and will not be paid.

### 11.   When will I get my payment?

The Court will hold a Final Approval Hearing on _____, 2024 at _____.m. CST to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DOES DEFENDANT GET?

### 12.   What am I giving up as part of the Settlement?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant and other persons ("Released Parties") as to all claims ("Released Claims") arising out of or relating to the Security Incident. This release is described in the Settlement Agreement, which is available at **www.baybridgedatasettlement.com.** If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

### 13.   If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

| **14.** | **If I do not exclude myself, can I sue Defendant for the same thing later?** |

No. Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, do not submit a Claim Form to ask for any benefit under the Settlement.

| **15.** | **How do I exclude myself from the Settlement?** |

To exclude yourself, send a letter that says you want to be excluded or opt-out from the Settlement in *Phillips, et al. v. Bay Bridge Administrators, LLC*, No. 1:1:23-cv-00022 (W.D. Tex.). The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your exclusion request postmarked by _____, **2024,** to:

<div align="center">

Bay Bridge Settlement Administrator
Attn: Exclusion Request
address
address

</div>

<div align="center">

**OBJECTING TO THE SETTLEMENT**

</div>

| **16.** | **How do I tell the Court that I do not like the Settlement?** |

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, timely written notice of an objection in the appropriate form must be filed with the Clerk of the Court on or before the Objection Deadline: **[Month, Date], 2024.** The address for the Clerk of Court is U.S. District Court Clerk's Office, 501 West Fifth Street, Suite 1100, Austin, Texas 78701.

Your objection must be written and must include all of the following: (i) the objector's full name, address, telephone number, and email address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (vi) a list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

<div align="center">

- 6 -

</div>

### 17.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment or benefit from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Settlement Class and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

### 18.  Do I have a lawyer in this case?

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC as Class Counsel to represent the Class. Mr. Coates may be contacted at 119 E. Court Street Suite 530, Cincinnati, OH 45202; Email: msd@msdlegal.com.

The Court also appointed Justin C. Walker, Markovits Stock & DeMarco, LLC; Joe Kendall, Kendall Law Group; Philip J. Krzeski, Chestnut & Cambronne; Joseph M. Lyon, The Lyon Firm; and Gary Mason, Mason LLC as Additional Class Counsel. If you want to be represented by your own lawyer, then you may hire one at your own expense.

### 19.  How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to one-third of the Qualified Settlement Fund ($838,963.33), plus reasonable litigation expenses not to exceed $30,000.00, as well as service awards of $3,000.00 for each Class Representative. Defendant has not agreed to any award of attorneys' fees, costs, and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel and service awards will be made out of the Qualified Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and expenses for Class Counsel and any Service Awards must be approved by the Court. The Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than _____, 2024 and their application for attorneys' fees, costs, and expenses will be filed no later than _____, 2024 and will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

### 20.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at _____ m. CT on _____, 2024, at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701 Courtroom 2 or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the

hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees, reasonable costs and expenses, and any service awards. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommend checking **www.baybridgedatasettlement.com** or calling 1-###-###-####.

## 21.  Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

## 22.  May I speak at the hearing?

You may ask the Court for permission to speak at the final approval hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required.  Your objection must be **filed** with the Clerk of the Court no later than _____, 2024. See No. 16 for further details on the requirements for submitting an objection to the Settlement.

### IF YOU DO NOTHING

## 23.  What happens if I do nothing?

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Security Incident, ever again.

### GETTING MORE INFORMATION

## 24.  How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.baybridgedatasettlement.com.**  You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This Notice is approved by the United States District Court for the Western District of Texas. **DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Kurt Phillips et al.,** | : | **Case No: 1:23-CV-00022-DAE** |
| | : | |
| **Plaintiffs,** | : | **Judge: David A. Ezra** |
| | : | |
| **vs.** | : | |
| | : | |
| **Bay Bridge Administrators, LLC,** | : | **[PROPOSED] ORDER GRANTING** |
| | : | **PRELIMINARY APPROVAL OF** |
| **Defendant.** | : | **CLASS ACTION SETTLEMENT** |
| | : | |
| | : | |

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Bay Bridge Administrators, LLC. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of KCC Class Action Services LLC as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2.     The Court does hereby preliminarily and conditionally approve and certify, for

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

settlement purposes, the following Class:

> **All United States residents whose Personal Information was accessed during the Security Incident that is the subject of the Notice of Data Breach that Defendant published on or around September 5, 2022.[2]**

3.    Based on the information provided: the Class is ascertainable; it consists of roughly 251,689 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are  members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.    The Court appoints Plaintiffs Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl as the Class Representatives.

5.    The Court appoints Terence R. Coates, of Markovits, Stock & DeMarco, LLC as Class Counsel for the Class.

6.    The Court appoints KCC Class Action Services LLC as the Settlement Administrator.

7.    A    Final    Approval    Hearing    shall    be    held    before    the    Court

---

[2] "Security Incident" shall mean the cybersecurity incident against Bay Bridge giving rise to the action.

on_____[date]_____, 2024 at ____[time]_____ for the following purposes:

    a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only;

    c.  To determine whether the notice plan conducted was appropriate;

    d.  To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

    e.  To determine whether the requested Class Representative Service Awards of $3,500.00 to each Class Representative, and Class Counsel's combined attorneys' fees of up to one third (1/3) of the Qualified Settlement Fund ($838,963.33), and reasonable litigation expenses not to exceed $30,000.00 should be approved by the Court;

    f.  To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g.  To rule upon such other matters as the Court may deem appropriate.

8.    The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.    The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| **From Order Granting Preliminary Approval** | |
| --- | --- |
| Bay Bridge provides list of Settlement Class Members to the Settlement Administrator | +14 days |
| Notice Deadline | +30 days |
| Bay Bridge will deposit $500,000 into the Qualified Settlement Fund | +35 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Deadline | +90 days |
| Exclusion Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +104 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | _____, 2024 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days |
| Bay Bridge deposits the remaining $2,016,890 into the Qualified Settlement Fund | +38 days |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +60 days |
| Settlement Website Deactivation | +240 days |

10.    In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.    Additionally, all requests to opt out or object to the proposed Settlement must be

received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to KCC Class Action Services LLC. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, KCC Class Action Services LLC, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.    Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i)     the objector's full name, address, telephone number, and email address (if any);

(ii)    information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident);

(iii)   a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(iv)    the identity of all counsel representing the objector;

(v)     the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(vi)    a list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection;

(vii)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

(viii)  the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

Any Objection failing to include the requirements expressed above will be deemed to be

invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13.     All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Bay Bridge in this Action.

14.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Bay Bridge.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

        IT IS SO ORDERED.


                                        _____
                                        United States District Judge David A. Ezra
                                        For the Western District of Texas

# EXHIBIT D

Philips, et al. v. Bay Bridge
Administrators, LLC
c/o Settlement Administrator
PO Box XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

<div style="border:1px solid black">

### <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**If you received a notice of data security incident letter from Bay Bridge Administrators, LLC, you are entitled to submit a claim for monetary compensation under a class action settlement.**

**www.baybridgedatasettlement.com**

</div>

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

## WHO IS A CLASS MEMBER?

In the lawsuit *Phillips, et al. v. Bay Bridge Administrators, LLC*, No. 1:23-cv-22 (W.D. Tex.), you are a class member if you were subject to, and previously received a Notice Letter notifying you of, the Security Incident that Bay Bridge Administrators, LLC ("Bay Bridge") discovered in September 2022 (the "Settlement Class").

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Under the Settlement, Bay Bridge has agreed to pay $2,516,890 into a Qualified Settlement Fund which will be distributed to Class Members who submit valid claims, after deducting the named Plaintiffs' Service Awards, class counsel's attorneys' fees and expenses, and settlement administration notice and administration costs, if such award is approved by the Court. All Class Members may submit claims to receive Pro Rata Cash Payments estimated to be approximately $50. In addition to these cash payments, Class Members who believe they suffered out-of-pocket losses as a result of the Security Incident may claim up to $5,000 (subject to pro rata adjustment) for the reimbursement of sufficiently documented expenses. Claims for the estimated $50 cash payment option will be pro rata adjusted up or down based on the remaining balance of the Settlement Fund after payments for valid Out-of-Pocket Loss Claims, settlement administration costs and expenses, attorneys' fees and expenses, and any class representative service awards. Bay Bridge has also agreed to implement or continue a series of cybersecurity enhancements to limit the likelihood of a future cyberattack. You must timely submit a valid Claim Form to receive compensation from the $2,516,890 Settlement Fund. More information about the types of Claims and how to file them is available at the Settlement Website.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at www.baybridgedatasettlement.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than **_____, 2024**. KCC Class Action Services, LLC is the Settlement Administrator.

**Opt Out**. You may exclude yourself from the settlement and retain your ability to sue Bay Bridge on your own by mailing a written request for exclusion to the Settlement Administrator that is post marked no later than **_____, 2024**. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the released claims.

**Object**. If you do not exclude yourself, you have the right to object to the settlement.

Written objections must be signed, postmarked no later than **_____, 2024**, and provide the reasons for the objection. The Final Approval Hearing is scheduled for the same date.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing on _____, 2024 at [time]**. All persons who timely object to the settlement by **___,** 2024 may appear at the Final Approval Hearing.

**Who are the Class Representatives?** Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl are the Plaintiffs and Class Representative in this lawsuit. They have remained engaged in representing the Class's interests during this litigation and reviewed and approved the terms of the proposed Settlement. Each Plaintiff will seek a Service Award of $3,000.00. There are approximately 251,689 Class Members whose personal information may have been impacted in Bay Bridge's September 2022 Security Incident.

**Who are the attorneys for the Plaintiffs and the proposed Class?** Class Counsel is Terence R. Coates, Markovits, Stock & DeMarco, LLC.

**Do I have any obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount not to exceed 1/3 of the $2,516,890 Settlement Fund (*i.e.* no more than $838,963.33) and the expenses will not exceed $30,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court.

**When is the Final Approval Hearing?** The final approval hearing, where the Court will determine if the settlement is fair, reasonable, and adequate, will be conducted on **_____ 2024** at **[time]**.

**Who is the Judge overseeing this settlement?** Judge David A. Ezra, United States District Judge, Western District of Texas.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** www.baybridgedatasettlement.com.

\*\*\* Please note that if you wish to submit a claim for compensation for Out-of-Pocket losses on the attached Claim Form, you will likely need to submit your claim online so you may attach all information necessary to support your request for payment for such out-of-pocket losses. If you wish to receive just the Pro Rata Cash Payment, the attached tear off claim form should suffice. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed settlement.**

Postage
Required

Phillips, et al. v. Bay Bridge
Administrators, LLC
c/o Settlement Administrator
PO Box XXXX
(city, state, zip code)

< < B a r c o d e > >Class
Member ID: <<Refnum>>

## **CLAIM FORM**

**Claims must be postmarked no later than _____, 2024 You may also submit a Claim Form online no later than _____, 2024.**

NAME: _____   EMAIL: _____

ADDRESS:_____

**Monetary Compensation** (You may claim one or both settlement benefits)

1. **Pro Rata Cash Payment**: Would you like to receive a cash payment under the Settlement? (circle one)       Yes       No

   If you are a Settlement Class Member, you may receive an estimated $50 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Qualified Settlement Fund after all claims are submitted.

2. **Verified Out-of-Pocket Losses**: I am submitting a claim for either ordinary or extraordinary monetary losses in the amount of $_____ (not more than $5,000.00) on account of out-of-pocket expenses and/losses I incurred as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation and to support my claim for out-of-pocket losses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. I understand this can include receipts or other documentation not "self-prepared." I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the settlement administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim for out-of-pocket losses, I will not receive compensation for this settlement benefit. I understand any monetary compensation I may receive under the settlement is capped at $5,000.00.

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge.**

_____ **(signature)**