# Exhibit 2

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| KURT PHILLIPS, MICHAEL MANSON, THOMAS GRAHAM, AND AUSTIN KOHL, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>BAY BRIDGE ADMINISTRATORS, LLC,<br><br>Defendant. | Case No. 1:23-CV-00022-DAE |

**DECLARATION OF TERENCE R. COATES IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Terence R. Coates, hereby state that the following is true and accurate and based on my personal knowledge:

1. I am the managing partner of the law firm Markovits, Stock & DeMarco, LLC ("MSD"). I am Interim Class Counsel for Plaintiffs in this matter and have monitored my firm's and my co-counsel's participation in this matter from 2023 to the present. The contents of this Declaration are based upon my own personal knowledge, my experience in handling many class action cases, and the events of this litigation.

2. As court-appointed Interim Class Counsel, my firm has been centrally involved in all aspects of this litigation from the initial investigation to the present. I have been the primary point of contact for Plaintiffs and Plaintiffs' Counsel with counsel for Defendant Bay Bridge Administrators, LLC ("Bay Bridge" or "Defendant"). Class Counsel and Bay Bridge's counsel are experienced in class action litigation. Class Counsel and Plaintiffs' Counsel undertook this matter

1

on a contingency fee basis with the risk of achieving no recovery at all. Additionally, Class Counsel and Plaintiffs' have incurred reasonable litigation expenses that remain unreimbursed.

I have been practicing law since 2009 and have extensive experience handling complex class action cases. I am currently the Secretary of the Cincinnati Bar Association's Board of Trustees and the Executive Director of the Potter Stewart Inn of Court. I am a frequent speaker for the plaintiffs' perspective on recent trends in data privacy class action cases having participated as a panel speaker at Trial Lawyers of Mass Tort's conference in Big Sky, Montana in March 2023; the NetDiligence cybersecurity summit in Ft. Lauderdale, Florida in February 2023; the Beazley Insurance national conference in Ft. Lauderdale, Florida in March 2023; the JAMS roundtable for selecting mediators in September 2023; and the Trial Lawyers of Mass Tort's conference in Cabo, Mexico in December 2023. Furthermore, I am participating as a member of plaintiffs' counsel in over 70 data breach and data privacy cases pending around the country, including serving as co-lead counsel or a member of plaintiffs' counsel in *In re Advocate Aurora Health Pixel Litigation*, No. 22-CV-1253-JPS (E.D. Wis.) (class counsel for $12.25 million data privacy class action settlement); *In re Novant Health, Inc.*, No. 1:22-cv-00697 (M.D.N.C) (class counsel for $6.66 million data breach class action settlement); *Abrams v. Savannah College of Art & Design*, No. 1:22-CV-04297 (N.D. Ga.) (class counsel for $375,000 data breach class action settlement); *Pederson v. AAA Collections, Inc.*, No. 2:2022-cv-4166 (D.S.D.) (class counsel for $865,000 data breach class action settlement); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (class counsel for $1.75 million data breach class action settlement); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio) (class counsel for $1.75 million data breach class action settlement); *Vansickle v. C.R. England, Inc.*, No. 2:22-cv-00374 (D. Utah) (class counsel for $1.4 million data breach class action settlement); *Sherwood v. Horizon Actuarial*

*Services, LLC*, No. 1:22-cv-1495 (N.D. Ga) (class counsel for $8,733,446.36 data breach class action settlement); and, *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (class counsel in $825,000 data breach class settlement). Furthermore, I have held leadership positions in many other data privacy lawsuits including *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio) (court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio) (court-approved liaison counsel); *Medina v. PracticeMax Inc.*, No. CV-22-01261 (D. Ariz.) (court-appointed Executive Leadership Committee); *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 2:10-cv-01210 (D. Minn.) (court-appointed member of plaintiffs' steering committee); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.) (Plaintiffs' Executive Committee); and, *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.) (Plaintiffs' Steering Committee).

3. Federal courts have recognized me and my firm as experienced in handling complex cases including class actions. *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-00333, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC, are qualified and are known within this District for handling complex cases including class action cases such as this one."); *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Schellhorn v. Timios, Inc.*, No. 2:221-cv-08661, 2022 WL 4596582, at *4 (C.D. Cal. May 10, 2022) (noting that Class Counsel, including "Terence R. Coates of Markovits, Stock & DeMarco, LLC, have extensive experience litigating consumer protection class actions …."); *Bedont v. Horizon Actuarial Services, LLC*, No. 1:22-CV-01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (noting

3

that class counsel, including Mr. Coates, "are well qualified to serve as Interim Co-Lead Class Counsel and that they will fairly, adequately, responsibly, and efficiently represent all Plaintiffs in the Cases in that role.").

## THE DATA BREACH

4. Plaintiffs filed a consolidated class action complaint on June 26, 2023 in this case resulting from their Personal Information being included in Bay Bridge's September 2022 Data Incident.

5. After my appointment by the Court as interim class counsel, and after the consolidated class action complaint was filed, the Parties began exploring the possibility of settlement and mediation. Plaintiffs sent Bay Bridge informal discovery requests for settlement purposes and a draft settlement term sheet. Bay Bridge responded to Plaintiff's information discovery requests.

6. The Parties agreed to mediate this case with Jill R. Sperber, Esq. of Judicate West – a respected mediator with substantial experience with data privacy class actions. The Parties exchanged detailed mediation statements before the November 28, 2023 all-day mediation in Santa Ana, California. The Parties' negotiations were arm's-length in that each side were strident in their mediation positions while still remaining professional. Through these settlement negotiations, Plaintiffs were able to confirm the class size of 251,689, determine the data sets potentially compromised in the Data Incident, the extent to which the Personal Information was uploaded onto third-party servers, and the amount of available insurance coverage for Plaintiffs' claims. Ultimately, Ms. Sperber was able to guide the Parties to a settlement in principle of a $2,516,890 non-reversionary common fund settlement for the class of approximately 251,689 individuals.

7.     This Settlement is the result of months of arm's-length negotiation and hard bargaining. After reaching an agreement in principle and throughout the course of the Parties' negotiations of the terms of the Settlement Agreement, Plaintiffs' counsel and Bay Bridge's counsel participated in several phone calls to reach the final terms of the comprehensive Settlement Agreement. Through these protracted settlement discussions, the Parties were able to evaluate the strengths and weaknesses of their case and evaluate damages on a potential classwide basis. Furthermore, Plaintiffs' counsel and Bay Bridge's counsel are experienced in handling data breach class actions such as this one and know the complexities of these cases. As a result of these negotiations, I can confirm that the Parties and their counsel support this Settlement, and believe it is fair and reasonable.

## THE SETTLEMENT & ITS BENEFITS

8.     The Settlement in this matter will provide tangible cash benefits to Class Members who submit valid claims under the $2,516,890 non-reversionary Settlement Fund.

9.     From the Settlement Fund, Class Members will receive a projected cash payment of $50 (subject to a pro rata increase or decrease) and the ability to receive up to $5,000 for documented out-of-pocket losses, after the deduction of the payment to KCC for Administrative Expenses, for attorneys' fees and expenses, and the Class Representative Service Awards.

10.    In my experience of handling many data breach class actions around the country including many other common fund cases, the payment of $2,516,890 for a common fund settlement for roughly 251,689 class members (equivalent to over $10 per Class Member) is a strong recovery and one that compares very favorably to other data breach class action settlements.

11.    Through Class Counsel's representation of many similar classes of plaintiffs in data breach class actions, Class Counsel is informed about the deductions from the proposed Settlement

Fund in this case and opines that the pro rate cash payment made available to Class Members submitting valid claims will be approximately $50 assuming that 10% of the Class submits valid claims in this case. Through Class Counsel's representation of plaintiffs in similar cases, Class Counsel's experience is that $35,000 or less will be validly claimed for out-of-pocket expenses.

**KCC IS WELL QUALIFIED TO ACT AS THE SETTLEMENT ADMINISTATOR**

12.  Understanding that settlement administration costs and expenses will be deducted from the Settlement Fund, I obtained three competitive bids from class action settlement administration firms for the scope of work in this case. I reviewed in detail each of the quotes and pricing and concluded that KCC offered the best scope of services at the best possible price for the Class. Notably, KCC's bid was the lowest price quote and still included comprehensive settlement administration services. Receiving several bids from settlement administration companies in common fund class action cases is a great practice to determine which settlement administration company is best suited to work on behalf of the class. This practice was implemented here to select KCC as the appropriate Settlement Administrator in this case.

13.  KCC is a qualified class action settlement administration company, as evidenced in the documentation supporting its declaration in support of the notice program.

14.  KCC projects to complete settlement administration for approximately $238,865.00 in this case.

**THE NOTICE PROGRAM IS ADEQUATE**

15.  The Notice plan in this case consists of sending each Class Member the Short Form Notice with tear off claim form included via Regular U.S. Mail, and the Long Form Notice and full Claim Form will be posted on the Settlement Website. Additional case information including important documents from this case will also be posted on the Settlement Website.

6

## CLASS COUNSEL'S ATTORNEYS' FEES & EXPENSES ARE REASONABLE

16. Under the Settlement, Class Counsel may seek up to 1/3 of the Settlement Fund ($838,963.33) as attorneys' fees and up to $30,000.00 in expenses, which shall be paid from the Qualified Settlement Fund.

17. Class Counsel have undertaken this case on a contingency fee basis and have not received any payment for their work in this case to date and have not been reimbursed for any of their litigation expenses.

18. Courts within the District routinely award attorneys' fees up to 1/3 of the common fund amount in class action settlements. *Eric P. John Fund v. Halliburton Co.*, No. 2018 1942227, at *7, 17 (N.D. Tex. Apr. 25, 2018) (approving attorneys' fees of 1/3 of the settlement fund); *In re CaptureRx Data Breach Litigation*, No. 5:21-cv-00523 (W.D. Tex; Doc. 54) (approving attorneys' fees of 1/3 of the $4,750,000 common fund).

## SIMILAR DATA BREACH SETTLEMENTS

19. It is Class Counsel's opinion that this $2,516,890 Settlement is fair and reasonable for the 251,689 Class Members. Class Counsel's opinion is informed by other data breach class action settlements based on the per class member recovery amount. For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive, private information such as Social Security Numbers:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Julien v. Cash Express, LLC* | No. 2022-CV-221 (Putnam Cty., Tenn.) | $850,000 | 106,000 | $8.02 |
| *Tucker v. Marietta Area Health Care* | No. 2:22-CV-00184 (S.D. Ohio) | $1,750,000 | 216,478 | $8.08 |

| *Phillips v. Bay Bridge Administrators, LLC* | No. 23-cv-00022 (W.D. Tex.) | $2,516,890 | 251,890 | $10.00 |
|---|---|---|---|---|
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,843 | $15.10 |
| *Lutz v. Electromed, Inc.* | No. 21-cv-2198-KMM-DTS (D. Minn.) | $825,000 | 47,000 | $17.55 |
| *Abrams v. Savannah College of Art & Design* | No. 1:22-cv-04297 (N.D. Ga.) | $375,000 | 16,890 | $22.20 |
| *Phelps v. Toyotetsu North America* | No. 6:22-cv-00106 (E.D. Ky.) | $400,000 | 12,453 | $32.12 |

Class Counsel and Plaintiffs believe that the Settlement in this case is fair and reasonable in that it exceeds the settlement amount recovered per class member in other recent data breach class action settlements.

## THE CLASS REPRESENTATIVE SERVICE AWARDS OF $3,000.00 ARE REASONABLE AND JUSTIFIED

20. The proposed Class Representatives have been active participants in this case, generally stayed informed about this litigation, reviewed, and approved the settlement demand and final settlement amount and Settlement Agreement, and spent substantial time and effort protecting the Class's interests. Class Representatives have no conflicts of interest with other Settlement Class Members, are subject to no unique defenses, and they and their counsel have and continue to vigorously prosecute this case on behalf of the Settlement Class.  Accordingly, the $3,000.00 Service Award to each Class Representative is reasonable given the efforts of each Class Representative on behalf of the Class in this matter. Furthermore, the Class Representative Service Awards here are less than what has been approved in other common fund data breach class action settlements. *See Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.; Doc. 73) (service award

of $9,900 in a data breach class action); *Tucker v. Marietta Area Health Care*, No. 22-cv-0184 (S.D. Ohio) (service award of $5,000 in a data breach class action).

### THE SETTLEMENT IS FAIR, REASONABLE AND A SUBSTANTIAL RECOVERY FOR THE CLASS

21.     Class Counsel believe the Settlement is fair, reasonable, and adequate.

22.     Furthermore, in my experience in handling over 70 data breach class action cases for plaintiffs, I hold the informed opinion that the $251,890 non-reversionary common fund settlement is fair and reasonable for 251,890 Class Members. The settlement afforded here, as compared to the uncertainty of damages even following a successful finding of liability, weighs in favor of preliminary approval.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on January 16, 2024, at Cincinnati, Ohio.

>                          */s/ Terence R. Coates*
>                          Terence R. Coates