UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Kurt Phillips et al., § | Case No: 1:23-CV-00022-DAE |
| Plaintiffs, § | |
| vs. § | |
| Bay Bridge Administrators, LLC, § | |
| Defendant. § | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF 52) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Service Awards (ECF 51) (collectively, the "Motions"). The Court has reviewed the Motions and the Settlement Agreement (ECF 46-1) entered into by Plaintiffs and Defendant Bay Bridge Administrators, LLC ("Defendant" or "Bay Bridge"), and it finds that the Motions should be **GRANTED**. Therefore, it is **ORDERED**:

1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in Paragraph 8.1 of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

1

4.      The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5.      The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6.      The Court grants Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (ECF 51). The Court awards Class Counsel $838,963.33 in attorneys' fees and reimbursement of expenses of $19,157.68 to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. Class Counsel is given discretion in allocating attorneys' fees among the rest of Plaintiffs' counsel. The Court awards the Class Representatives, Plaintiffs Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl, $3,000.00 each to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class.

7.      On March 26, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF 50) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement, Class Counsel's request for Service Awards to the Class Representatives and motion for attorneys' fees and expenses.

8.      The Court's Preliminary Approval Order approved the Short Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. The roughly 5% claims rate supports a finding that the Notice Program was sufficient.

9. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

10. The Court finds Bay Bridge has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

11. The Court grants final approval to its appointment of Plaintiffs Kurt Phillips, Michael Manson, Thomas Graham, and Austin Kohl as the Class Representatives. The Court finds that the Class Representatives are similarly situated to absent Class Members, are typical of the Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

12. The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order (ECF 50), appointing Terence R. Coates of Markovits, Stock, & DeMarco, LLC as Class Counsel.

13. The Court grants final approval to its appointment Verita Global, LLC as the Settlement Administrator.

14. The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> **All United States residents whose Personal Information was accessed during the Security Incident that is the subject of the Notice of Data Breach that Defendant published on or around September 5, 2022.**[1]

15. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that: (a) the Class of 250,899 is so numerous

---

[1] "Security Incident" shall mean the cybersecurity incident against Bay Bridge giving rise to the action.

that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

16. Having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Bay Bridge could prevail on one or more of its defenses; having considered the range of the Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiffs and Class Counsel have adequately represented the proposed Class;

    b. the terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Bay Bridge;

    c. the outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

    d. it is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Bay Bridge could defeat class certification;

    e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f. the Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiffs and Class Counsel determining that it is in the best interest of the Class Members;

    g. the aggregate consideration for the Class—including both the Qualified Settlement Fund, which Bay Bridge shall fund, and cybersecurity enhancements Bay Bridge is or has implemented—is commensurate with the claims asserted and being released as part of the Settlement, and,

    h. the terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution of the Litigation.

17. Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

18. The Court approves the distribution and allocation of the $2,516,890 Qualified

Settlement Fund under the Settlement Agreement. To the extent that any funds remain after the allocation of the Settlement Fund pursuant to the terms of the Settlement Agreement, Settlement benefit distributions will be increased or decreased pro rata, with attorneys' fees and expenses, Settlement Administration fees and expenses, and Class Representative Service Awards deducted first.

19. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Bay Bridge of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Bay Bridge or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

20. This Final Approval Order, and all statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Bay Bridge, or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Bay Bridge, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

21. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Bay Bridge that Plaintiffs' claims or any similar claims are suitable for class treatment.

22. The following timeline shall control the future events of the settlement:

| From Order Granting Final Approval | |
| --- | --- |
| Effective Date | +31 days |

| Bay Bridge deposits the remaining $2,016,890 into the Qualified Settlement Fund | +38 days |
| --- | --- |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +60 days |
| Settlement Website Deactivation | +240 days |

23. The Court dismisses with prejudice all claims of the Class against Bay Bridge in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

IT IS SO ORDERED.

DATED: Austin, Texas, July 30, 2024

DAVID ALAN EZRA
SENIOR UNITED STATES DISTRICT JUDGE